Opinion of the Court.
THIS is a contest between adverse interfering claims to land, the relative validity whereof, was formerly before this court and decided. According to the opinion then delivered, the claim of Galloway, &c. was sustained, and the cause remanded to the circuit court, with directions to enter a decree in their favor, for so much of the land then in contest, as might be found to be their superior right, after causing the claims to be surveyed, according to the opinion of this court. —See 1 Marsh. 129.
Upon the return of the cause to the circuit court, the surveyor was directed to make the survey in accordance to the opinion of this court; and after performing the duty assigned him, the surveyor made his report to court.
The surveyor, in his report, laid down two improvements, one of which at 13, the highest up on Stoner, he represents to be the improvement of Galloway, as claimed by the appellees ; and the other, at 14, lower down Stoner, he represents to be claimed by the appellants, as Galloway’s improvement.
The court selected the improvement at 13, as the one alluded to in the former opinion of this court, and *79 pronounced a final decree against the appellants accordingly. From that decree the appellants appealed ; and the only question for the decision of this court, involves an inquiry, whether, or not, the improvement selected by the court as Galloway’s improvement, is the correct one ?
After the decision of a cause on the merits, evidence ought never to be introduced, calculated to affect the rights of the parties.
That the court was correct, there can be no difficulty in maintaining, if the position of the improvement should be ascertained by the record which was before this court on the former hearing of the cause ; for the improvement is not only delineated on the connected plat, which was then before the court ; but the position thereon assigned it, is in strict accordance with the position of the improvement selected by the circuit court.
But it was attempted, in the circuit court, after the cause was remanded from this court, to prove that the improvement at 14, and not that selected by the court at 13, was Galloway’s improvement; and as it became necessary, in carrying into effect the decision of this court, to lay down the improvement by actual survey, it was contended in argument, that the court erred in rejecting the evidence offered by the appellants, to prove the true position of the improvement. But it should be recollected, that by a written agreement made between the parties, and composing part of the record, previous to the former hearing of the cause, the position assigned the improvement on the connected plat, then before the court, was not only admitted to be the true position; but according to the obvious import of the agreement, neither party was to be permitted, after trial, to introduce any evidence which might tend to contravene the admissions of the parties.
1. To have admitted the evidence offered by the appellants in the circuit court, would, therefore, not only have been allowing them to introduce proof, in opposition to their agreement, of record ; but what should never be tolerated, permitting them also, after a decision on the merits of the contest, to introduce calculated to affect the rights of the parties.
It results, that the court was correct, as well in rejecting the evidence which was offered by the appellants, as in the decree it pronounced ; and, consequently, the decree must be affirmed with costs.